RECEIPT # ___
AMOUNT $ 150
SUMMONS ISSUED Y-2
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. pr
DATE 12-31-03

FILED
2003 DEC 31 P 1:14
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REPUBLIC RESTAURANT, INC.

Plaintiff,

vs.

HYDAN WASHINGTON STREET, INC., d/b/a PHO REPUBLIQUE and JACK H. BARDY

Defendants.

Case No.

COMPLAINT

03 CV 12649 MLW

MAGISTRATE JUDGE Dein

Plaintiff REPUBLIC RESTAURANT, INC. ("Republic"), by its attorneys, alleges for its Compliant as follows:

## PARTIES AND JURISDICTION

1. This is an action for infringement of a federally-registered trademark in violation of the Lanham Act, 15 U.S.C. §1051 *et seq*; for false designations of origin, unfair competition and trade name infringement, in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§1116 and 1125(a) and for related claims of common law unfair competition, unfair business practices, trade name infringement, dilution and for injury to business reputation under state statutory law.

2. Republic is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 37A Union Square West, New York, New York 10003.

3. On information and belief, defendant Hydan Washington Street, Inc, d/b/a Pho Republique, is a corporation organized and existing under the laws of the Commonwealth of

Massachusetts, with its principal place of business at 1415 Washington Street, Boston, Massachusetts 2118-2009.

4. On information and belief, defendant Jack H. Bardy is the sole officer and director of Hydan Washington Street, Inc, d/b/a Pho Republique.

5. The Court has jurisdiction over this action under 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332(a) and 1338 (a) and (b) as it involves claims arising under the Lanham Act, 15 U.S.C. §1051 *et seq*. and under the principals of supplemental jurisdiction.

6. This Court has personal jurisdiction over the defendants, who reside and regularly conduct business in this judicial district. The acts alleged herein have substantially occurred in this district, and the claims asserted substantially arise in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## FACTS
### Plaintiff's Registered Trademark And Tradename

8. Plaintiff opened a restaurant in New York City under the name Republic in November 1995. Republic is a well-known and very popular restaurant in New York's Union Square district. Restaurant reviewers have described the food at Republic as a nouvelle take on affordable Asian cuisine. Republic specializes in healthy, nutritious and relatively inexpensive Asian noodle and rice dishes, influenced by Thailand, Japan and other East Asian countries including Vietnam and Malaysia. Many of the noodle dishes are served in a soup or with a broth and are accompanied by various fresh vegetables and a variety of meats and fish. The dishes typically range from $6.00-$9.00 a bowl. The décor of the restaurant is minimalist and modern. Republic also has a full-service bar.

9. Since opening in November 1995, Republic has operated in the same location and under the same name. As a result of this long and continuous use, the trademark and trade name

Republic has come to identify and distinguish Republic's restaurant services from those of others and has come to represent and symbolize substantial goodwill, belonging exclusively to plaintiff.

10. Republic is registered in the United States Patent and Trademark Office ("PTO"), Registration Number 2,067,872, for restaurant services. Said registration is valid and subsisting, unrevoked, uncancelled and is now incontestable under 15 U.S.C. §1065. A copy of the Certificate of Registration is attached as Exhibit A.

**Defendants' Unlawful Use Of Plaintiff's Mark**

11. Upon information and belief, Pho Republique is an Asian restaurant located in Boston Massachusetts, with Asian décor and ambiance, which serves Asian cuisine including soup noodles.

12. Upon information and belief, defendants own and operate Pho Republique.

13. The name Pho Republique, used by the defendants, is substantially similar and indistinguishable from plaintiff's trade name and federally registered trademark Republic, and upon information and belief, was adopted by defendants with actual knowledge of plaintiff's registered mark or willful ignorance of and callous disregard for plaintiff's prior and superior rights in its mark as secured by its incontestable registration.

14. Plaintiff did not authorize defendants to use the name Pho Republique for their Asian restaurant.

15. Plaintiff Republic, through its attorneys, protested defendants' infringement of its trademark and trade name republic, but defendants have refused to cease their infringement of the Republic trade name and registered trademark.

16. Upon information and belief, defendants continue to use the infringing mark Pho Republique in connection with restaurant services and to promote and market their services.

17. Defendants' use of the name Pho Republique has caused and, unless enjoined, will continue to cause plaintiff irreparable injury for which there is no adequate remedy at law.

**COUNT ONE**
**(Trademark Infringement, 15 U.S.C. §§1114 and 1116)**

18. Plaintiff realleges paragraphs 1 through 17 above.

19. Plaintiff is the owner of the Republic trademark and of an incontestable registration for the same.

20. Defendants have used and continue to use the Pho Republique name for their restaurant in interstate commerce without plaintiff's consent.

21. Defendants' unauthorized and wrongful use and threatened continued use of a name and mark substantially similar or virtually identical to plaintiff's name and registered mark Republic in connection with restaurant services is likely to cause confusion and mistake and to deceive members of the public and trade as to the origin, sponsorship and affiliation of defendants' services and its business in connection therewith.

22. As a result of such unauthorized use, members of the public are likely to believe that defendants' restaurant is part of, or is sponsored, licensed, approved or authorized by or is related to or otherwise affiliated or connected with plaintiff's Republic trade name and trademark; that defendants are plaintiff's restaurant, or that their services are those of plaintiff's.

23. Defendants' commercial use of the name Pho Republique, alone and in combination with other elements, constitutes trademark infringement in violation of Sections 32 and 34 of the Lanham Act, 15 U.S.C. §§1114 and 1116.

24. Defendants' actions have been and are willful or, at least, in reckless disregard of plaintiff's superior rights.

25. Defendants' wrongful acts have caused and, unless enjoined, will continue to cause plaintiff injury.

**COUNT TWO**
**(Unfair Competition, 15 U.S.C. §1125(a))**

26. Plaintiff realleges paragraphs 1 through 25 above.

27. Defendants' unauthorized and wrongful use and threatened continued use of the name Pho Republique constitutes a false designation of origin and false description and representation of defendants' business in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a).

28. Defendants' actions have been and are willful or, at least, in reckless disregard of plaintiff's superior rights.

29. Defendants' wrongful acts have caused and, unless enjoined, will continue to cause plaintiff injury.

**COUNT THREE**
**(Unfair Competition -- Massachusetts G.L. c. 93A §§2, 11)**

30. Plaintiff realleges paragraphs 1 through 29 above.

31. Defendants' acts constitute trademark infringement, unfair competition, unlawful, unfair and deceptive business practices, and the making of false and misleading statements in connection with the offering for sale of restaurant services, in violation of Massachusetts General Law, Chapter 93A, §§2, 11.

32. Defendants' acts have been performed willfully and knowingly.

33. Defendants' acts have occurred primarily and substantially within the Commonwealth of Massachusetts.

34. Defendants' wrongful acts have caused and, unless enjoined, will continue to cause plaintiff injury.

**COUNT FOUR**
**(Dilution -- Massachusetts G.L. c. 110B §12)**

35. Plaintiff realleges paragraphs 1 through 34 above.

36. Defendants' use of the name Pho Republique has diluted and, unless enjoined, is likely to continue to dilute the valuable reputation and goodwill represented and symbolized by plaintiff's trademark and trade name and their distinctive qualities in violation of Massachusetts General Law, Chapter 110B §12.

37. Defendants' wrongful acts have caused and, unless enjoined, will continue to cause plaintiff injury.

**PRAYER FOR RELIEF**

WHEREFORE Republic prays for the following relief:

1. That defendants be permanently enjoined form using the name Pho Republique in connection with their restaurant or restaurant services;

2. That plaintiff be awarded its costs and attorneys fees pursuant to 15 U.S.C. §1117; and

3. That plaintiff be granted such further relief as is just and warranted under the circumstances.

THE PLAINTIFF DEMANDS A TRIL BY JURY AS TO ALL CLAIMS SO TRIABLE

DATED: December 29, 2003

REPUBLIC RESTAURANT, INC.

By its attorneys,

KEEGAN, WERLIN & PABIAN, LLP

Matthew E. Mitchell
BBO# 553071
265 Franklin Street
Boston, Massachusetts 02110-3113
Phone (617) 951-1400
Fax (617) 951-1354



HDKNY 189030v2

Of Counsel:

HALL DICKLER LLP

By: Jeffrey M. Tamarin (MCM)
Jeffrey M. Tamarin
Alison G. Naidech
909 Third Avenue
New York, New York 10022-4731
Telephone: (212) 339-5400
*Attorneys for Defendants*

# EXHIBIT A

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

Reg. No. 2,067,872

**United States Patent and Trademark Office**

Registered June 3, 1997

**SERVICE MARK**
**PRINCIPAL REGISTER**




REPUBLIC RESTAURANT CORP. (NEW YORK CORPORATION)
37A UNION SQUARE WEST
NEW YORK, NY 10003

FOR: RESTAURANT SERVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 11-0-1995; IN COMMERCE 11-0-1995.

SN 74-732,568, FILED 9-18-1995.

DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY