## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Republic Restaurant, Inc. | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Hydan Washington Street, Inc., | ) |
| d/b/a Pho Republique and | ) |
| Jack H. Bardy | ) |
| | ) |
| | ) |
| Defendant | ) |

Case No. 03-CV-12649-MLW

## ANSWER OF DEFENDANT HYDAN WASHINGTON STREET, INC.
## D/B/A PHO REPUBLIQUE TO PLAINTIFF'S COMPLAINT

Defendant Hydan Washington Street, Inc., d/b/a Pho Republique and Jack H. Bardy (collectively "Pho Republique"), by and through its attorneys, Burns & Levinson LLP hereby answers the Complaint of plaintiff Republic Restaurant, Inc. ("Republic"), as follows:

### PARTIES AND JURISDICTION

1.    Pho Republique asserts that the statements contained in Paragraph No. 1 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, Pho Republique denies the same.

2.    Pho Republique asserts that the statements contained in Paragraph No. 2 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, Pho Republique denies the same.

3.    Pho Republique admits that it is a Massachusetts corporation with a principal place of business at 1415 Washington Street, Boston, Massachusetts.

4.      Pho Republique admits that Jack H. Bardy is an officer and director of Hydan Washington Street, Inc.

5.      Pho Republique asserts that the statements contained in Paragraph No. 5 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, Pho Republique denies the same.

6.      Pho Republique asserts that the statements contained in Paragraph No. 6 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, Pho Republique denies the same.

7.      Pho Republique asserts that the statements contained in Paragraph No. 7 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, Pho Republique denies the same.

## FACTS

8.      Pho Republique asserts that the statements contained in Paragraph No. 8 of the Complaint set forth generalized conclusions to which no answer is required, but to the extent that an answer may be required, Pho Republique denies the same.

9.      Pho Republique is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 9 of the Complaint.

10.     Pho Republique is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 9 of the Complaint.

11.     Pho Republique asserts that the statements contained in Paragraph No. 11 of the Complaint set forth generalized conclusions to which no answer is required, but to the extent that an answer may be required, Pho Republique denies the same.

12.     Defendant Hydan Washington Street, Inc. admits that it is the owner and operator of Pho Republique restaurant. Defendant Jack H. Bardy admits that he is President and officer of Hydan Washington Street, Inc. and pursuant to his corporate duties is involved in the operation of Pho Republique restaurant.

13.     Pho Republique denies the allegations contained in Paragraph No. 13 of the Complaint.

14.     Pho Republique denies the allegations contained in Paragraph No. 14 of the Complaint.

15.     Pho Republique admits that it received a protest letter from Plaintiff, Pho Republique denies the other allegations contained in Paragraph No. 15 of the Complaint.

16.     Pho Republique denies the allegations contained in Paragraph No. 16 of the Complaint.

17.     Pho Republique denies the allegations contained in Paragraph No. 17 of the Complaint.

## COUNT I

### (Trademark Infringement, 15 U.S.C. §§ 1114 and 1116)

18.     Pho Republique repeats and realleges its responses to Paragraphs Nos. 1-17 of the Complaint as if fully set forth herein.

19.     Pho Republique is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 19 of the Complaint.

20.     Pho Republique denies the allegations contained in Paragraph No. 20 of the Complaint.

21.     Pho Republique denies the allegations contained in Paragraph No. 21 of the Complaint.

22.     Pho Republique denies the allegations contained in Paragraph No. 22 of the Complaint.

23.     Pho Republique denies the allegations contained in Paragraph No. 23 of the Complaint.

24.     Pho Republique denies the allegations contained in Paragraph No. 24 of the Complaint.

25.     Pho Republique denies the allegations contained in Paragraph No. 25 of the Complaint.

## COUNT II

### (Unfair Competition, 15 U.S.C. §1125(a))

26.     Pho Republique repeats and realleges its responses to Paragraphs Nos. 1-25 of the Complaint as if fully set forth herein.

27.     Pho Republique denies the allegations contained in Paragraph No. 27 of the Complaint.

28.     Pho Republique denies the allegations contained in Paragraph No. 28 of the Complaint.

29.     Pho Republique denies the allegations contained in Paragraph No. 29 of the Complaint.

## COUNT III

### (Unfair Competition, Massachusetts G.L. c. 93A §§ 2, 11)

30.     Pho Republique repeats and realleges its responses to Paragraphs Nos. 1-29 of the Complaint as if fully set forth herein.

31.     Pho Republique denies the allegations contained in Paragraph No. 31 of the Complaint.

32.     Pho Republique denies the allegations contained in Paragraph No. 32 of the Complaint.

33.     Pho Republique is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 33 of the Complaint.

34.     Pho Republique denies the allegations contained in Paragraph No. 34 of the Complaint.

## COUNT FOUR

### (Dilution – Massachusetts G.L. c. 110B § 12)

35.    Pho Republique repeats and realleges its responses to Paragraphs Nos. 1-34 of the Complaint as if fully set forth herein.

36.    Pho Republique denies the allegations contained in Paragraph No. 36 of the Complaint.

37.    Pho Republique denies the allegations contained in Paragraph No. 37 of the Complaint.


### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Pho Republique upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Pho Republique.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Pho Republique has not been and is not now infringing any valid trademark right of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Pho Republique has not been and is not now engaged in acts of unfair competition relating to any valid trademark right of Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Pho Republique has not been and is not now engaged in acts that would constitute dilution of any valid trademark right of Plaintiff

WHEREFORE, Pho Republique respectfully requests that this Court enter a judgment:

A.    Dismissing with prejudice all claims in the Complaint;

B.    Declaring the Republic and design trademark of Plaintiff not infringed by Pho Republique;

C.    Awarding Pho Republique its costs;

D.    Granting to Pho Republique such further necessary and proper relief as the Court may deem just and proper.

Respectfully submitted,

Hydan Washington Street Inc, d/b/a Pho Republique and Jack H. Bardy,

By its attorneys,

Merton E. Thompson, Esq.
BBO# 637056
Burns & Levinson LLP
125 Summer Street
Boston, MA  02110
Tel- (617) 345-3000
Fax- (617) 345-3299

Dated: March 1, 2004

## CERTIFICATE OF SERVICE

I, Merton E. Thompson, Esq., hereby certify that on March 1, 2004, a copy of the foregoing pleading was forwarded to counsel for plaintiffs, Matthew E. Mitchell, Esq. at Keegan, Werlin & Pabian, LLP, 265 Franklin Street, Boston, MA 02110, and to of counsel Jeffery Tamarin, Esq., at Reed Smith, 909 Third Avenue, New York, NY 10022-4731.

Merton E. Thompson, Esq.