**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**REPUBLIC RESTAURANT, INC.,**

**Plaintiff,**

**vs.**

**HAYDAN WASHINGTON STREET, INC., d/b/a PHO REPUBLIQUE and JACK H. BARDY,**

**Defendants.**

**Case No. 03-CV-12649-NMG**

**PLAINTIFF REPUBLIC RESTAURANT, INC.'S MOTION PURSUANT TO FED. R. CIV. P. 41(A)(2) TO DISMISS WITHOUT PREJUDICE**

The Plaintiff Republic Restaurant, Inc. hereby moves pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss the above-captioned matter without prejudice and without conditioning such dismissal upon the Plaintiff's payment of Defendant's attorney's fees or costs. In support of this motion, the Plaintiff states as follows:

1. This is an action for infringement of a federally-registered trademark in violation of the Lanham Act, 15 U.S.C. § 1051 et seq; for false designations of origin, unfair competition and trade name infringement, in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1116 and 1125(a); and for related claims of common law unfair competition, unfair business practices, trade name infringement, dilution and for injury to business reputation under state statutory law.

2. In order to prevail on any or all of these claims, the Plaintiff must establish: (a) that it uses and thereby owns the REPUBLIC MARK, (b) that defendants are using that same or a similar mark, and (c) that the defendants' use is likely to confuse

the public, thereby harming the plaintiff. See, e.g., Star Financial Services, Inc. v. Aastar Mortgage Corp., 89 F3d 5, 9 (1st Cir. 1996).

3. In light of the following facts, the Plaintiff had a good faith basis for commencing this action at the time Plaintiff filed its Complaint:

a. In November 1995, Plaintiff opened a restaurant under the name REPUBLIC in New York City's Union Square district. The restaurant is well known and very popular and has a minimalist and modern décor. Republic specializes in healthy and nutritious Asian noodle and rice dishes, influenced by cuisines of Thailand, Japan, Vietnam, Malaysia and other East Asian countries. Republic has operated its REPUBLIC restaurant continuously under this name since opening it in November 1995. As a result of this long and continuous use, the trademark and trade name REPUBLIC has come to identify and distinguish Republic's restaurant services from those of others and has come to represent and symbolize substantial goodwill, belonging exclusively to plaintiff, Republic. Republic to the exclusion of all third parties, owns the REPUBLIC® and Design service mark (the "REPUBLIC MARK") in the United States Patent and Trademark Office, Registration Number 2,067,872, for restaurant services. The Registration is valid and subsisting, unrevoked, uncancelled and has become incontestable pursuant to 15 U.S.C. § 1065. Complaint, at ¶¶ 8-10; Tamarin Declaration, at ¶ 3.

b. The Defendants own and operate a restaurant in Roxbury, Massachusetts under the name PHO REPUBLIQUE, which serves Asian cuisine including noodle soup. Defendants' use of the name PHO REPUBLIQUE is substantially similar and indistinguishable from plaintiff's trade name and federally registered trademark –

REPUBLIC. Furthermore, the word, "pho," means noodle soup in Vietnamese, which is a generic equivalent of soup or noodle soup in English. Similarly, the French word "republique" is the equivalent of "republic" in English. Under the trademark law doctrine of foreign equivalents, "Pho Republique" is the equivalent of "Soup Republic." See e.g., In re Optica International, 196 USPQ 75 (TTAB 1977) (holding that for trademark registration purposes there is no distinction between the English word "OPTIC" and its French equivalent, "OPTIQUE."). Complaint, at ¶ 13; Tamarin Declaration, at ¶ 4.

c. At the time this action was commenced, plaintiff Republic had been planning to expand its operations by opening additional REPUBLIC restaurants around the country. In particular it anticipated that it would soon be opening a REPUBLIC restaurant in or near Boston and that defendants' use of the name PHO REPUBLIQUE for an Asian restaurant serving noodle soup would be likely to cause confusion, mistake or deception of consumers and would be likely to lead the public to the erroneous conclusion that defendants' PHO REPUBLIQUE restaurant originated with or was sponsored, licensed, approved or authorized by plaintiff Republic or was related to or otherwise affiliated or connected with plaintiff Republic or its REPUBLIC restaurant or restaurants, all to the detriment of plaintiff and the public. Tamarin Declaration, at ¶ 6.

4. After commencing this action, for a variety of reasons, Republic changed its expansion strategy and indefinitely postponed its plans to open a restaurant in the Boston area.

5. Accordingly, as explained at the June 24, 2005 status conference in this action, Republic has come to believe that it may be extremely difficult or impossible for

it to prove ***present***, likelihood of confusion – the third element of its claims – given the current geographic remoteness of the two restaurants operating under the REPUBLIC mark. Such demonstrable likelihood of confusion is likely to exist only when and if plaintiff Republic should ever open a REPUBLIC restaurant in or near Boston or otherwise sufficiently expand geographically so that such likelihood of confusion would exist. Tamarin Declaration, at ¶ 7.

6. "'[T]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced.'" Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir.1981), quoting, LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir.1976).

7. "Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." Id.

8. In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Doe v. Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir.2000), citing, Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969). Although a court may consider all such factors, they are "simply a guide for the trial judge, in whom the discretion ultimately rests." Tyco Lab., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980) (quoted in Doe, supra, 216 F.3d at 160).

9. A plaintiff's motion for dismissal without prejudice pursuant to Rule 41(a)(2) "ought to be construed as one based solely upon those conditions stated in the

motion. Th[e] Court should not impose additional conditions [because] to do so would be equivalent to involuntary dismissal." American Science and Engineering, Inc. v. Kelly, 2000 WL 307462, *2 (D. Mass. 2000), citing, Kienitz v. Metropolitan Life Ins. Co., 131 F.R.D. 106, 107 (E.D.Mich.1990); 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2366, at 303-304, & n. 4 and 5 (2nd ed. 1995 & Supp. 1999); Puerto Rico Maritime Shipping Authority, 668 F.2d at 51 (concluding imposition of costs and fees are not always necessary for dismissal under Rule 41(a)(2)).

10. "Likewise, it would be inappropriate to dismiss this action with prejudice under Fed. R. Civ. P. 41(a)(2) without the consent of the plaintiff." Kelly, 2000 WL 307462, *2, citing, U.S. v. 266 Tonawanda Trail, 95 F.3d 422, 425 (6th Cir. 1996) (collecting cases).

11. While it is within the court's discretion to impose costs and attorney's fees **as a condition of the requested dismissal**, see Puerto Rico Maritime Shipping Authority, 668 F.2d at 51, costs and attorney's fees should not be imposed as a condition of dismissal where, as here:

> "There is nothing in the record which suggests that plaintiff's suit . . . was not a bona fide effort to seek redress; there is nothing which . . . indicates . . . that this suit was brought to harass, embarrass, or abuse either the named defendants or the civil process; nor is there any evidence in the record which indicates that the plaintiff deliberately sought to increase the defendants' costs by unduly protracting the litigation."

Less v. Berkshire Housing Services, Inc., 2000 WL 1349252, *5 (D.Mass. 2000), quoting, Blackburn v. City of Columbus, Ohio, 60 F.R.D. 197, 198 (S.D.Ohio 1973). "In the absence of such showings, it is appropriate to apply the "traditional American rule on

attorneys' fees – one which refuses to economically penalize in this fashion the litigant who in good faith files a lawsuit. . . ." Id.

12. As noted by the Court at that Status Conference on June 24th, very little legal work has been done by the parties during the pendency of this case, aside from the filing of the complaint and answer and preparation for and appearance at the Status Conference itself. Furthermore, during the pendency of the action, Defendants have continued to operate their restaurant unimpeded. Additionally, the Plaintiff has provided a legitimate explanation for the need to request a dismissal, there has been no excessive delay or lack of diligence on the Plaintiff's part in prosecuting this action, and the Defendants have not filed a motion for summary judgment. Finally, although the parties have incurred additional legal fees in connection with both the June 24th Status Conference and this motion, the only reason that it has been necessary to do so is that the Defendants rejected Plaintiff's offer to permanently waive any damage claim through the date of dismissal and to refrain for a period of two (2) years from pursuing any trademark infringement claims against the Defendants even if Plaintiff were to open a restaurant in the Boston area during that period, in exchange for Defendants' agreement to stipulate to a dismissal without prejudice. Tamarin Declaration, at ¶ 8.

WHEREFORE, based on the foregoing points and authorities the Plaintiff Republic Restaurant, Inc. respectfully requests that this Honorable Court enter an order dismissing this action without prejudice and without conditioning such dismissal upon Plaintiff's payment of Defendant's attorney's fees or costs.

Francis M. Lynch, BBO #308570
Matthew P. Zayotti, BBO #638265
Keegan Werlin, LLP
265 Franklin Street
Boston, MA 02110-3113
(617) 951-1400

Jeffrey M. Tamarin, admitted *pro hac vice*
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
(212) 521-5400

Dated: July 8, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by ~~hand-delivery~~ US Mail on July 8, 2005.