UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
---------------------------------x
REPUBLIC RESTAURANT, INC.          :

           **Plaintiff,**           :

vs.                                :

           Case No. 03-CV-12649-MLW

HAYDAN WASHINGTON STREET, INC.,    :
d/b/a PHO REPUBLIQUE and JACK H.
BARDY                              :

           **Defendants.**           :

---------------------------------x


### DECLARATION OF JEFFREY M. TAMARIN IN SUPPORT OF
### RULE 41 MOTION TO DISMISS WITHOUT PREJUDICE

Jeffrey M. Tamarin declares as follows under penalty of perjury:

1.     I am a partner in the law firm of Reed Smith LLP and am admitted *pro hac vice* in this action as co-counsel for Plaintiff, Republic Restaurant, Inc. ("Republic"). I make this declaration in support of Republic's Motion to Dismiss the Action Without Prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

### Nature of the Action

2.     This is an action for infringement of a federally-registered trademark in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq;* for false designations of origin, unfair competition and trade name infringement, in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1116 and 1125(a); and for related claims of common law unfair competition, unfair business practices, trade name infringement, dilution and for injury to business reputation under state statutory law.

**Factual Background**

3.  Plaintiff opened a restaurant under the name REPUBLIC in New York City in November 1995 in New York's Union Square district. The restaurant is well known and very popular and has a minimalist and modern décor. Republic specializes in healthy and nutritious Asian noodle and rice dishes, influenced by cuisines of Thailand, Japan, Vietnam, Malaysia and other East Asian countries. Republic has operated its REPUBLIC restaurant continuously under this name since opening it in November 1995. As a result of this long and continuous use, the trademark and trade name REPUBLIC has come to identify and distinguish Republic's restaurant services from those of others and has come to represent and symbolize substantial goodwill, belonging exclusively to plaintiff, Republic. Republic to the exclusion of all third parties, owns the REPUBLIC® and Design service mark (the "REPUBLIC MARK") in the United States Patent and Trademark Office, Registration Number 2,067,872, for restaurant services. The Registration is valid and subsisting, unrevoked, uncancelled and has become incontestable pursuant to 15 U.S.C. § 1065.

4.  Defendants own and operate a restaurant in Roxbury, Massachusetts under the name PHO REPUBLIQUE, which serves Asian cuisine including noodle soup. Defendants' use of the name PHO REPUBLIQUE is substantially similar and indistinguishable from plaintiff's trade name and federally registered trademark – REPUBLIC. Furthermore, the word, "pho," means noodle soup in Vietnamese, which is a generic equivalent of soup or noodle soup in English. Similarly, the French word "republique" is the equivalent of "republic" in English. Under the trademark law doctrine of foreign equivalents, "Pho Republique" is the equivalent of "Soup Republic." *See e.g., In re Optica International,* 196 USPQ 75 (TTAB 1977) (holding that for trademark registration purposes there is no distinction between the English word "OPTIC" and its French equivalent, "OPTIQUE.").

## Status of the Claims

5.   Central to prevailing on any or all of these claims is plaintiff Republic's ability to establish: (a) that it uses and thereby owns the REPUBLIC MARK, (b) that defendants are using that same or a similar mark, and (c) that the defendants' use is likely to confuse the public, thereby harming the plaintiff. *See, e.g., Star Financial Services, Inc. v. Aastar Mortgage Corp.*, 89 F3d 5, 9 (1st Cir. 1996). As explained above, plaintiff Republic can establish the first two elements, its use and ownership of the REPUBLIC MARK and defendants' use of the same or a similar mark, under the doctrine of foreign equivalents.

6.   At the time this action was commenced, plaintiff Republic had been planning to expand its operations by opening additional REPUBLIC restaurants around the country. In particular it anticipated that it would soon be opening a REPUBLIC restaurant in or near Boston and that defendants' use of the name PHO REPUBLIQUE for an Asian restaurant serving noodle soup would be likely to cause confusion, mistake or deception of consumers and would be likely to lead the public to the erroneous conclusion that defendants' PHO REPUBLIQUE restaurant originated with or was sponsored, licensed, approved or authorized by plaintiff Republic or was related to or otherwise affiliated or connected with plaintiff Republic or its REPUBLIC restaurant or restaurants, all to the detriment of plaintiff and the public.

7.   Subsequently, for a variety of reasons, Republic changed its strategy and postponed its expansion. Accordingly, as explained at the June 24, 2005 status conference in this action, Republic has come to believe that it may be extremely difficult or impossible for it to prove ***present***, likelihood of confusion – the third element of its claims – given the current geographic remoteness of the two restaurants operating under the REPUBLIC mark. Such demonstrable likelihood of confusion is likely to exist only when and if plaintiff Republic should

ever open a REPUBLIC restaurant in or near Boston or otherwise sufficiently expand geographically so that such likelihood of confusion would exist.

8. As noted by the Court at that status conference, very little legal work was done by the parties during the pendency of this case aside from the filing of the complaint and answer and preparation for and appearance at the status conference itself. Furthermore, during the pendency of the action, defendants have continued to operate their restaurant unimpeded. Although the parties have incurred additional legal fees in connection with both the June 24th Status Conference and this motion, these additional costs have been necessitated by the Defendants' rejection of Plaintiff's offer to permanently waive any damage claim through the date of dismissal and to refrain for a period of two (2) years from pursuing any trademark infringement claims against the Defendants even if Plaintiff were to open a restaurant in the Boston area during that period, in exchange for Defendants' agreement to stipulate to a dismissal without prejudice.

9. In accordance with this Court's direction at the conference, plaintiff Republic respectfully requests an order dismissing this action without prejudice pursuant to Rule 41(a)(2).

DATED: New York, New York
July, 8 2005

_____
JEFFREY M. TAMARIN

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on July 8, 2005
_Matthews P Fayette_