IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Republic Restaurant, Inc. )<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Hydan Washington Street, Inc., )<br>d/b/a Pho Republique and )<br>Jack H. Bardy )<br>)<br>)<br>Defendant ) | Case No. 03-CV-12649-NMG |

**DEFENDANT HYDAN WASHINGTON STREET, INC.
D/B/A PHO REPUBLIQUE'S OPPOSITION TO PLAINTIFF'S MOTION
PURSUANT TO FED. R. CIV. P. 41(a)(2) TO DISMISS WITHOUT PREJUDICE
AND CROSS-MOTION FOR A DISMISSAL UPON CONDITIONS**

Defendant Hydan Washington Street, Inc., d/b/a Pho Republique and Jack H. Bardy (collectively "Pho Republique"), by and through its attorneys, Burns & Levinson LLP hereby opposes the motion of plaintiff Republic Restaurant, Inc. ("Republic") for a dismissal without prejudice and cross-moves for a dismissal upon conditions, as follows:

**Argument**

Plaintiff Republic brought this suit in December of 2003, alleging in its Complaint that defendant Pho Republique infringed the trademark rights of Republic "willfully, or at least with reckless disregard." However, Republic now concedes that it will be "extremely difficult or impossible" to prove likelihood of confusion (the cornerstone of infringement) due to the geographic remoteness of the parties. Plaintiff's Motion p. 4-5. Republic made no allegation in its Complaint that it intended to enter the Boston market

00943987

nor did it identify any instance of consumer confusion. As such, Republic's Complaint was fatally defective. *See Dayton-Hudson Corp. v. Dart Drug Corp.* 1982 WL 52124 (D.D.C. 1982) (dismissing complaint for failure to state a claim as no allegation of likelihood of market entry made).

At best, Republic's suit was improvidently brought as a "registrant is not entitled to remedies for infringement unless the subsequent use creates a present likelihood of confusion." Restatement (Third) Unfair Competition, § 19 comment e (1995). At worst, the suit was brought without verification that the "legal contentions therein are warranted by existing law" as required by Fed. R. Civ. P. 11.

For the convenience of the Court, the respective trademarks of the parties are shown below. Republic's Registered Trademark REPUBLIC and design is on the left and Pho Republique's common law mark appears on the right. Thompson Decl. ¶ 1.

  

Since it first became aware of Republic's trademark claim, it has been the position of Pho Republique that there is no potential for trademark conflict given the very obvious differences in the presentation of the respective marks and the limited scope of rights that Republic is entitled to. Despite efforts to resolve the differences between the parties, Republic filed suit, an action it now concedes is presently futile. Pho Republique is not the only victim of Republic's ill-advised and unsustainable bullying. Republic also brought a near identical action in the Northern District of Texas (now dismissed by stipulation), wasting that court's time and the defendant's money. Thompson Decl. ¶ 2.

In an attempt to erase its blunder, Republic now asks this Court to allow it to obtain a dismissal without prejudice so that it can continue to badger Pho Republique, when and if its claim ripens, such as it is. Pho Republique hereby moves for a dismissal without prejudice upon condition of an award for its attorneys fees, or in the alternative, for dismissal with prejudice.[1]

A court may impose conditions for dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) to protect a defendant. *See Bath Iron Works Corp. v. Parmatic Filter Corp.*, 736 F. Supp. 1175, 1178 (D. Me. 1990). Imposition of costs is usually considered necessary for the protection of the defendant. *See Puerto Rico Maritime Shipping Authority v. Leith*, 669 F. 2d 46, 51 (1st Cir. 1981). The decision to impose attorneys fees and costs on the plaintiff as a condition of dismissal is within the sound discretion of the Court. *Id*. Pho Republique submits that the record and admissions before the court establishes that the plaintiff brought a suit that was facially invalid *ab initio* and then permitted the case to languish for well over a year, even when it knew its claim was unsupportable. Such actions demonstrate an abuse of the civil system and created an unjust financial burden on Pho Republique. Accordingly Pho Republique requests that any dismissal without prejudice be conditioned pursuant to Fed. R. Civ. P. 41(a)(2) upon payment of its costs and attorneys fees as set forth in the accompanying declaration. Thompson Decl. ¶¶ 3-5.

Pho Republique is entitled as a condition of dismissal to its expenses for work that will not be useful in any future litigation and for expenses in opposing plaintiff's Motion to Dismiss. *See Bath Iron Works Corp. v. Parmatic Filter Corp.*, 736 F. Supp. 1175, 1178

---

[1] Pho Republique notes that the Court invited it to file a Declaratory Motion at the June 24, 2005, Scheduling Conference. Due to the fact that Republic concedes that there is no present justiciable controversy, such a motion would accordingly lack a jurisdictional basis under the Declaratory Judgment Act.

(D. Me. 1990). Given that any subsequent suit will be necessarily based on new factual allegations of market entry and that little re-usable discovery has been generated to date, the attorneys fees associated with the Answer, correspondence, case scheduling and motion practice are included as not likely to be useful in any future litigation.

Republic's arguments against an award of costs and attorneys fees should be given no weight as it is indisputable that it brought a fatally flawed claim that was not a *bona fide* effort to seek redress. Moreover, Republic increased costs, and the burden on this Court, by protracting this litigation when it knew that its claim had no merit.

WHEREFORE, Pho Republique respectfully requests that this Court:

A.     Enter a dismissal conditioned on payment of Pho Republique's attorneys fees and costs

>                         Respectfully submitted,
>
>                         Hydan Washington Street Inc, d/b/a Pho Republique and Jack H. Bardy,
>
>                         By its attorneys,
>
>                         ___/s/_____
>                         Merton E. Thompson, Esq.
>                         BBO# 637056
>                         Burns & Levinson LLP
>                         125 Summer Street
>                         Boston, MA  02110
>                         Tel- (617) 345-3000
>                         Fax- (617) 345-3299

Dated: July 22, 2005

00943987