United States District Court
District of Massachusetts

```
_____
                               )
REPUBLIC RESTAURANT, INC.,     )
                               )
        Plaintiff,             )
                               )     Civil Action No.
        v.                     )     03-12649-NMG
                               )
HYDAN WASHINGTON STREET, INC., )
d/b/a PHO REPUBLIQUE and JACK H.)
BARDY,                         )
                               )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

GORTON, J.

In the instant dispute, Republic Restaurant, Inc. ("Republic"), alleges that Hydan Washington Street, Inc., doing business as Pho Republique, and Jack H. Bardy ("Defendants") have infringed its federally-registered trademark in violation of the Lanham Act, 15 U.S.C. § 1051 et seq.

On December 31, 2003, Republic filed suit against Defendants, alleging 1) trademark infringement under the Lanham Act, 2) false designations of origin, unfair competition and trade name infringement, in violation of Sections 32, 43(a) of the Lanham Act, 15 U.S.C. §§ 1116 and 1125(a) and 3) related claims of common law unfair competition, unfair business practices, trade name infringement, dilution and injury to business reputation under statutory law. This Court held a

scheduling conference for the case on June 24, 2005. Up to that point, the parties had not filed any substantive motions. At the conference, the Court announced a discovery schedule and set April 3, 2006 for the commencement of trial. On July 8, 2005, Republic filed a Motion, Pursuant to Fed. R. Civ. P. 41(a)(2), to Dismiss Without Prejudice. Defendants oppose that Motion and on July 22, 2005 filed their own Cross-Motion For a Dismissal Upon Conditions, which Republic opposes.

Republic's Motion to Dismiss derives from the fact that it has changed its expansion strategy and indefinitely postponed its plans to open a restaurant in the Boston area where Defendants' restaurant, Pho Republique, currently operates. Republic argues that the changes in its expansion strategy make it extremely difficult to prove present likelihood of confusion - the third element of its claims - given the current geographic remoteness of the two restaurants operating under the allegedly similar marks.

Defendants agree with Republic that the suit should be dismissed, but they contend that the dismissal should be with prejudice or, in the alternative, upon condition of an award for its attorneys' fees, dismissal without prejudice. Defendants make several arguments in support of their position. First, Defendants point out that Republic made no allegation in its Complaint that it intended to enter the Boston market, nor did it

identify any instance of consumer confusion, rendering the Complaint fatally defective. Second, Defendants note that the suit has generated costs and attorneys' fees associated with the Answer, correspondence, case management and the instant Motion to Dismiss. Moreover, Defendants assert that any subsequent suit will necessarily be based on new factual allegations of market entry and that little of the discovery that has been generated to date will be re-usable in future litigation.

The First Circuit Court of Appeals has held that "the basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)(citations omitted). The decision of whether or not to impose costs on the plaintiff lies within the sound discretion of the district judge. Id. at 51. Although this Court does not believe Republic initiated its lawsuit in bad faith, its capricious change of an expressed expansion strategy has led to the instant Motion to Dismiss even though Republic never alleged in the Complaint that it intended to enter the Boston market. Moreover, the fact that little of the discovery generated to date will be useful in future litigation has led to an unnecessary loss of time and money on the part of Defendants.

In accordance with the foregoing, Plaintiff's Motion to

Dismiss Without Prejudice (Docket No. 19) is **DENIED** and Defendants' Cross-Motion For a Dismissal Upon Conditions (Docket No. 23) is **ALLOWED**. This case is **DISMISSED WITHOUT PREJUDICE**. The Court imposes costs and fees upon Plaintiff in the amount of One Thousand Dollars ($1,000), which will be paid directly to Defendants. If the amount is not paid within 15 days of this Order, the case will be dismissed with prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 26, 2005